**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10463 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00411-LDG |
| v. | |
| GUSTAVO MENDOZA-BUSTOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Gustavo Mendoza-Bustos appeals from the 70-month sentence imposed

following his guilty-plea conviction for distribution of a controlled substance and

possession of a controlled substance with intent to distribute, in violation of 21

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 841(a)(1), (b)(1)(B)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza-Bustos contends that the district court procedurally erred by failing to explain adequately the sentence imposed. The record belies this contention.

Mendoza-Bustos next contends that the district court erred by failing to make any findings of fact, or to conduct an evidentiary hearing, regarding his assertion that the government's refusal to move for a sentence reduction under U.S.S.G. § 5K1.1 was based on a desire to punish him for not entering into a plea agreement. The court was not required to conduct an evidentiary hearing, or to make findings of fact, because Mendoza-Bustos did not make a "substantial threshold showing" that the government had unconstitutional motives or acted arbitrarily. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *see also United States v. Murphy*, 65 F.3d 758, 764 (9th Cir. 1995) ("Maintaining the effectiveness of the plea negotiation process is a legitimate governmental interest.").

Finally, Mendoza-Bustos contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C.

11-10463

§ 3553(a) sentencing factors, Mendoza-Bustos's within-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**